# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD METZEN, et al.,

    *Plaintiffs*,

vs.

BENJAMIN LEGAL SERVICES,
P.L.C., et al.,

    *Defendants*.

Case No. 09-1266-EFM

## MEMORANDUM AND ORDER

On September 1, 2009, Plaintiffs Ronald Metzen and Linda Metzen filed their Complaint against Defendants Benjamin Legal Services, P.L.C. ("BLS"), J. Kevin Benjamin, and Theresa S. Unkrur alleging violations of the Kansas Consumer Protection Act ("KCPA")[1] and the Kansas Credit Services Organization Act ("KCSOA").[2] Plaintiffs executed service of summons upon BLS on September 2, 2009.[3] BLS has failed to answer or otherwise respond to the lawsuit.[4] No Defendant has entered an appearance in this case. Plaintiffs now move for Default Judgment (Doc. 5), asking

---

[1] K.S.A. § 50-626(a), (b)(8).

[2] K.S.A. § 50-1116 *et seq*.

[3] The record is void of any entry indicating that service of summons has been executed upon either individual defendant; however, Plaintiffs only move for default judgment against BLS.

[4] The Court notes that on September 3, 2009, Defendant J. Kevin Benjamin, on behalf of himself and BLS, emailed Plaintiff Linda Metzen in which he indicated his knowledge of the pending lawsuit. Doc. 5, p.14.

-1-

the Court to find BLS liable and assess against it actual damages in the amount of $1,500, punitive damages in the amount of $15,000, penalties pursuant to K.S.A. § 50-634(b) in an amount the Court determines reasonable, attorney's fees, and injunctive relief. However, because of the following, the Court is unable to grant the specific relief Plaintiffs request in their filed motion. Therefore, the Court will treat Plaintiffs' motion as one for Default Judgment and Attorney's Fees, which the Court grants.

**STANDARD**

Federal Rule of Civil Procedure 55(a) allows a default against a party when that party has "failed to plead or otherwise defend" itself. Following entry of default by the clerk, Fed.R.Civ.P. 55(b)(2) permits a district court to enter default judgment. In cases where the plaintiff's claim is not for a sum certain or a sum made certain by calculation, the plaintiff must apply to the court for a default judgment.[5] "The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."[6]

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."[7] The well-pleaded factual allegations of the plaintiff's

---

[5] Fed. R. Civ. P. 55(b).

[6] Fed. R. Civ. P. 55(b)(2)(B).

[7] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 n. 11 (10th Cir. 2003) (after an entry of default, a defendant cannot defend a claim on the merits); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998).

complaint are taken as true, except for those allegations relating to the amount of damages.[8] "A trial court is vested with broad discretion in deciding whether to enter a default judgment."[9]

A default judgment does not establish the amount of damages.[10] "Although a default judgment forces a defendant to concede liability, it does not force it to concede liability for the amount of damages that a plaintiff has claimed."[11] The inquiry does not end just because a plaintiff requests a specific amount in his complaint, nor can a plaintiff satisfy the certainty requirement simply by requesting a specific amount.[12] Instead, the plaintiff must establish that the amount requested is reasonable under the circumstances.[13] "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"[14]

---

[8]*Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64-65 (D. Kan. 1994).

[9]*Galloway v. Hadl*, 2008 WL 5109758, at *1 (D.Kan. Dec. 2, 2008) (*citing Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987)).

[10]*Tebbets v. Price Sec.*, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995) (*citing United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).

[11]*Id.* (*quoting Shepherd v. Am. Broad. Cos.*, 862 F. Supp. 486, (D.C. Cir. 1994)); 10A Charles Alan Wright, Mary Kay Kane & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 1998).

[12]*H20 Resorts Int'l, Ltd. v. Starlite Houseboats, Inc.*, 2009 WL 2043499, at *2 (D. Kan. July 14, 2009).

[13]*Id.* (citing *Beck*, 157 F.R.D. at 65).

[14]*Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (*quoting United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006) (stating that in awarding default judgment, the "facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding").

**DISCUSSION**

Defendant BLS has failed to answer or otherwise defend against Plaintiffs' action within the time prescribed under the Federal Rules of Civil Procedure. Accordingly, because the Court finds, based on the record, that BLS received proper service in this action, we conclude that BLS is in default. Therefore, because the Court finds BLS in default, the factual allegations in Plaintiffs' Complaint, except those facts relating to damages, will be taken as true.[15] Accordingly, the Court accepts as true Plaintiffs' allegations regarding BLS' conduct that resulted in its violating the KCPA and the KCSOA. Plaintiffs are therefore granted judgment on these liability issues.

Having determined that Plaintiffs are entitled to judgment on the liability issues identified in their Complaint, the Court must next determine the appropriate damages. The Court, however, is unable to determine damages from the record, and Plaintiffs have provided no detailed affidavits establishing the necessary facts from which the Court may determine the reasonableness of the damages they request. Therefore, the Court will schedule an evidentiary hearing to address the issue of damages. This hearing will be held at 2:00 p.m. on Thursday, May 6, 2010 in Courtroom 408, of the Wichita, Kansas Federal Courthouse. At this hearing, Plaintiffs should be prepared to present evidence to establish the reasonableness of the damages they request. Plaintiff's Complaint did not request a jury trial, and the evidentiary hearing will be conducted as a bench trial on damages.

Concerning Plaintiffs' request for attorney's fees, the Court finds that they have presented an appropriate affidavit and sufficiently detailed billing records to permit the Court to resolve this issue. Plaintiffs request $4,807.46 for their attorney's fees and expenses related to this action. After reviewing the submitted records and pursuant to K.S.A. § 50-634, the Court concludes that

---

[15]*See Craighead*, 176 Fed. Appx. at 925; *Beck*, 157 F.R.D. at 64.

Plaintiffs' attorney's fee request is reasonable, and they are entitled to recover in the amount of $4,807.46 for said fees and expenses. This amount, however, is not inclusive of any additional fees or costs that may be incurred beyond the date of this Order in prosecuting this action.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Default Judgment and Attorney's Fees (Doc. 5) against Defendant Benjamin Legal Services, P.L.C. is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendant BLS shall pay Plaintiffs their reasonable attorney's fees and expenses in the amount of $4,807.46.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE